IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CROWN PRINCE EMPEROR EL BEY BIGBAY-BAGBY ex-rel WILLIAM MCCRAE | : : : : | CIVIL ACTION |
| v. | : : | |
| BUCKS COUNTY COURT OF COMMON PLEAS | : : | NO. 14-4033 |

## MEMORANDUM

SLOMSKY, J.                                                                                         JULY 9th, 2014

      William McRae, who refers to himself as "Crown Prince Emperor El Bey Bigbay-Bagby," instituted this action by filing a notice of removal, in which he contends that he seeks to remove a "state civil action pending in the Court of Common Pleas of Bucks County," apparently pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332. However, the docket sheet attached to McRae's notice of removal makes clear that he is not attempting to remove a civil action but is, instead, seeking to remove criminal proceedings pending against him in the Bucks County Court of Common Pleas. *See* CP-09-CR-0008209-2009. For the following reasons, this case will be remanded to the Bucks County Court of Common Pleas.

      The docket of the underlying criminal proceeding reflects that, in 2009, McRae was charged with several misdemeanors and summary offenses, including driving under the influence. In 2012, the state court issued what appears to be the third bench warrant in the case, which remains outstanding. On June 30, 2014, McRae filed a notice of removal, claiming that this Court should exercise jurisdiction over his criminal case pursuant to 28 U.S.C. § 1332 because he is a citizen of the Powhatan Renape Tribe, while the Bucks County Court of Common Pleas is a citizen of Pennsylvania. However, § 1332 provides a basis for federal courts

1

to exercise jurisdiction over certain *civil* actions; it has no application to this case, which concerns a criminal proceeding in state court. Although federal law provides for the removal of criminal cases in certain limited circumstances, nothing suggests that removal would be appropriate in this case. Accordingly, the Court will remand this action to the Bucks County Court of Common Pleas. *See* 28 U.S.C. § 1447(c) (providing for remand if the court lacks subject matter jurisdiction) & § 1455(b)(4) (providing for summary remand when removal is improper).